# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

JK MOVING & STORAGE, INC., )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:17-cv-1213
)
WINMAR CONSTRUCTION, INC., )
)
    Defendant. )
)

## Memorandum Opinion

THIS MATTER comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs.

JK Moving & Storage, Inc. (Plaintiff) is a Virginia corporation in the moving, storage, and relocation industry. Winmar Construction, Inc. (Defendant) is a commercial interior and hospitality construction company incorporated in the District of Columbia with license to conduct regular business in Virginia. In October 2017, Plaintiff filed a lawsuit alleging breach of contract (Count I) and fraud (Count II) against Defendant in Loudon County, Virginia. The case was timely removed to this Court. Defendant also sued Plaintiff in the District of Columbia; those claims were ultimately dismissed and then raised as affirmative defenses in this case. On May 16, 2018, the magistrate judge entered a consent order (Consent

Order) stating that if Plaintiff was successful on Count I, it would be able to pursue attorneys' fees related to Count I pursuant to Fed. R. Civ. P. 54(d). On June 7, 2018, this Court granted partial summary judgment dismissing Plaintiff's Count II.

After a two-day trial in July 2018, a jury awarded Plaintiff the full amount of damages sought, $74,688.42, and judgment was entered on July 10, 2018 pursuant to that verdict. Plaintiff filed a timely bill of costs on July 20, 2018 seeking $6,870.84 in non-taxable costs and $6,119.05 in taxable costs. Plaintiff also moved for attorneys' fees on July 24, 2018 in the amount of $399,915.50.

Defendant responded with objections to both Plaintiff's bill of costs and request for attorneys' fees. Defendant also appealed the judgment, as well as an order on a motion in limine, both of which are currently pending before the United States Court of Appeals for the Fourth Circuit.

The Court first turns its attention to the attorneys' fees. When considering the appropriateness of attorneys' fees, a court must consider twelve factors. Grissom v. The Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008); Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978), cert. denied, 439 U.S. 934 (1978). "These include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill

required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." Barber, 577 F.2d at 226 n. 28. See also Hensley v. Eckerhart, 461 U.S. 424, 434 n. 9 (1983) (approving of these twelve factors as named in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)). When considering the Barber factors, a court need not mechanically list or comment on each factor, only those that are applicable. Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.), 86 F.3d 364, 376 (4th Cir. 1996).

The Court finds that Factors 1, 3, 5, 8, 9, and 12 weigh in Plaintiff's favor, each are addressed below. The remaining factors are either uncertain or inapplicable.

The Court finds that Factor 1, the time and labor expended, weighs in Plaintiff's favor. Plaintiff's litigation team of ten people worked a combined total of 1,206.4 hours on this matter

in approximately a year's time. This number includes a decrease in the number of hours actually worked as Plaintiff's attorneys reduced their bill by twenty-eight percent and removed costs for a motion where costs were already awarded. Further, Plaintiff states that it did not submit the time of certain other lawyers and staff that contributed to the preparation of this case. The number of hours billed here is a fair and accurate representation of the time and labor expended.

The Court finds that Factor 3, the skill required to properly litigate the case, weighs in favor of Plaintiff. The skill required by Plaintiff's counsel in this matter was significant as this matter was contested in multiple arenas. Plaintiff originally filed this case in Virginia state court before it was removed to this Court. Defendant sued Plaintiff over the same matter in the District of Columbia and raised complaints that needed legal attention in front of the District of Columbia Department of Consumer and Regulatory Affairs. While this case began as a simple breach of contract suit, it arose into complex civil litigation requiring counsel with significant skill and experience in federal court, as well as other fora.

Factors 5 and 12, the customary fee for similar work and fee awards in similar cases, both weigh in Plaintiff's favor. The Court uses the matrix provided in <u>Vienna Metro LLC v. Pulte Home Corp.</u> as an indicator of whether the hourly rates charged

4

by Plaintiff's attorneys are appropriate. 1:10-cv-502, 2011 U.S. Dist. LEXIS 158648, at *18 (E.D. Va. Aug. 24, 2011). This is appropriate as the matrix considers the skill of the timekeeper, the customary fees in Northern Virginia, the experience of the timekeeper, and has been used in numerous similar cases. Id. at *21-23. See also Burke v. Mattis, 315 F. Supp. 3d 907, 913 (E.D. Va. 2018) (finding Vienna Metro to be an indicator of reasonable rates); Antekeier v. Lab. Corp. of Am., 1:17-cv-786, 2018 U.S. Dist. LEXIS 179684 at *11-12 (E.D. Va. Aug. 29, 2018) (same). The Vienna Metro matrix provides the following ranges for hourly rates based on years of experience:

| Paralegal | 1-3 years | 4-7 years | 8-10 years | 11-19 years | 20+ years |
|---|---|---|---|---|---|
| $130-350 | $250-435 | $350-600 | $465-640 | $520-770 | $505-820 |

The rates charged by Plaintiff's litigation team are as follows:

| Time Keeper | Experience | Hourly Rate |
|---|---|---|
| Elaine C. Bredehoft | 34 years | $650.00/hour |
| Peter C. Cohen | 34 years | $550.00/hour |
| Kathleen Z. Quill | 22 years | $425.00/hour |
| Hans Chen | 14 years | $475.00/hour |
| Nicholas Erickson | 12 Years | $450.00/hour |
| Daphne S. Gebauer | 11 years | $425.00/hour through 2/1/18; $450.00/hour thereafter |
| Joshua E. Holt | 9 years | $425.00/hour |

| David E. Murphy | 2 years | $300.00/hour |
| Leslie A. Hoff | 25 years (Paralegal) | $250.00/hour |
| Michelle Bredehoft | 8 years (Paralegal) | $250.00/hour |

Here, the Court notes that all of the hourly rates charged by Plaintiff's litigation team are within or below the amounts deemed reasonable by the Vienna Metro matrix.

Factor 8, amount in controversy and results obtained, weighs in Plaintiff's favor. While the amount sought on Count I was just under $75,000, the original ad damnum for the case was $200,000. Further, while one of Plaintiff's claim was dismissed, Plaintiff was entirely successful on Count I receiving all damages sought on that claim. As the original amount in controversy was significantly higher and Plaintiff was largely successful, the Court finds that Factor 8 weighs in Plaintiff's favor.

The Court finds that Factor 9, the "experience, reputation and ability of counsel," weighs in Plaintiff's favor." Barber, 577 F.2d at 226 n. 28. The team of litigators working for Plaintiff has a significant amount of experience litigating in both state and federal courts with frequent success. They have also received myriad recognitions from the legal community for

their expertise in practice demonstrating a high-level of ability and positive reputation.

Defendant raises a number of objections that are unavailing as they are primarily attempts to relitigate the validity of the contract. Defendant, however, raises a potentially valid objection to Plaintiff being awarded any fees related to the Count II that was dismissed or Defendant's lawsuit in the District of Columbia. While a court should only award attorneys' fees for meritorious claims, if common facts are at issue among all the claims, the fees may still be allowable. Hensley, 461 U.S. at 435; Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009). "'Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" Robinson, 560 F.3d at 244 (quoting Grissom, 549 F.3d at 321).

Here, Plaintiff seeks fees under the Consent Order, not the contract underlying this suit. The Consent Order limited Plaintiff to seeking attorneys' fees to those related to the Count I if it was successful. Plaintiff was successful. Throughout the litigation, Defendant stated that the facts underlying Count I were the same as those from the Count II. When Defendant's lawsuit in the District of Columbia was dismissed, it raised its claims as affirmative defenses in this

7

case, demonstrating that they were related factually to Count I. Defendant may not now argue that these claims were factually unrelated. For these reasons, the Court finds that all of the claims were factually related, and Plaintiff may seek attorneys' fees for all of them. Also, Plaintiff received the entire amount of damages sought at trial. Based on Plaintiff's degree of success, it is entitled to the entirety of the $399,915.50 in fees sought.

The Court next moves to the Bill of Costs. Plaintiff seeks $6,119.05 in taxable costs and Defendant only challenges $1,495.00 relating to the electronic storage of documents Plaintiff received pursuant to a subpoena duces tecum. A prevailing party may recover costs, other than attorney's fees, under Fed. R. Civ. P. 54(d)(1); however, this rule does not give the district court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). Instead, the court may tax only those costs authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). The statute for general taxation of costs, 28 U.S.C. § 1920, provides six categories of costs that may be taxed: (1) clerk and marshal fees, (2) transcript fees (3) printing and witness fees, (4) copying fees, (5) docket fees under 28 U.S.C. § 1923, and (6)

8

compensation of court appointed experts, interpreters, and special interpretation services. Within those categories, "the court has wide latitude to award costs." Francisco v. Verizon S., Inc., 272 F.R.D. 436, 441 (E.D. Va. 2011).

The presumption is that a prevailing party is entitled to costs unless the opposing party can show otherwise. See Fed. R. Civ. P. 54; Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). A court "must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994) (quoting Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990)). The prevailing party "bears the burden of showing that the requested costs are allowable under § 1920." Francisco, 272 F.R.D. at 441 (citing Cofield v. Crumpler, 179 F.R.D. 510, 514 (E.D. Va. 1998)). Once the prevailing party has met this burden, the burden shifts to the non-prevailing party to identify any improprieties. Id.

Defendant contends that Plaintiff's failure to share the documents during discovery was an ethical and legal violation barring recovery of those costs. Defendant further claims that the disputed sum represents untaxable costs under 28 U.S.C. § 1920 as it is for "processing, hosting, and monthly fees."

To begin, Defendant does no more than make a bare assertion that Plaintiff acted wrongly by not sharing the subpoenaed

9

documents during discovery. Defendant points to no specific discovery request to which the documents would have been responsive. Defendant also failed to complain previously about Plaintiff's alleged discovery misconduct through a motion to compel or by any other means. While the Court would consider bad faith or ethical violations to warrant the denial of costs, Defendant has not properly raised them here. See Francisco, 272 F.R.D. at 441.

Defendant's other contention has more viability. Defendant asserts that the disputed sum is disallowed by 28 U.S.C. § 1920 as it is not one of the enumerated costs. Plaintiff contends that the sum represents "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" under 28 U.S.C. § 1920. Plaintiff further stated that the documents were indeed necessary for its trial preparation but did not demonstrate how the electronic file storage could be considered copying. A court may only award costs authorized by statute. See Crawford Fitting Co., 482 U.S. at 441-42 (1987). The Court finds that fees for processing and storage of electronic documents does not constitute exemplification or copying as used in the statute. See, e.g., Nobel Biocare USA, LLC v. Technique D'usinage Sinlab, Inc., 1:12-cv-730, 2013 WL 819911 at *6-7 (E.D. Va. 2013) (noting that the costs of collecting and storing electronically

stored information may not be taxable according to many authorities); Francisco, 272 F.R.D. at 446 (disallowing costs for processing, storage, and production of electronically stored information). Without more information, Plaintiff has not met its burden of supporting its request for reimbursement of those costs. See Cofield, 179 F.R.D. at 514. As such, Plaintiff's request for $6,119.05 in taxable costs will be reduced by $1,495.00 resulting in an award of $4,624.05 in taxable costs.

Defendant did not contest any of the non-taxable costs and the Court thus finds them conceded to. Plaintiff will receive the entire $6,870.84 in non-taxable costs requested.

For these reasons mentioned, the Court concludes that Plaintiff is entitled to all attorneys' fees, $4,624.05 of the taxable costs, and all non-taxable costs sought from Defendant. An appropriate order shall issue.

*signature*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 13, 2018